W.D.N.Y.
22-cv-478
Sinatra, J.

# United States Court of Appeals
#### FOR THE
#### SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-three.

Present:
    Debra Ann Livingston,
        *Chief Judge,*
    Reena Raggi,
    Susan L. Carney,
        *Circuit Judges*.

---

Workers United,

        *Petitioner*,

    v.                                  22-3229 (L)

Linda M. Leslie, Starbucks Corporation,

        *Respondents*.

---

In re National Labor Relations Board,

                                       23-120 (con)

        *Petitioner*.

---

Petitioner Workers United has filed a petition for a writ of mandamus directing the district court to vacate its discovery order and quash subpoenas issued by Starbucks Corporation. Petitioner National Labor Relations Board has filed a petition for a writ of injunction directing Starbucks Corporation to withdraw the same subpoenas. Upon due consideration, it is hereby ORDERED that both petitions are DENIED because Petitioners have not demonstrated that they (or the subpoenaed nonparties) lack an adequate, alternative means of obtaining relief or that a writ is necessary in aid of this Court's prospective jurisdiction. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004); *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 884 (2d Cir. 1981); *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 591 F.2d 174, 177 (2d Cir. 1979).

The subpoenaed nonparties have an adequate, alternative means of obtaining relief because they can appeal either a civil or criminal contempt sanction if they refuse to comply with the subpoenas. *Vera v. Republic of Cuba*, 802 F.3d 242, 246 (2d Cir. 2015). Further, any chilling effect from the subpoenas will not undermine the underlying NLRB proceeding given that all witnesses have already testified, and the release of any subpoenaed information is not imminent given the aforementioned contempt process. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 605 (1966) (holding that Court of Appeals has jurisdiction under All Writs Act to enter injunction to protect court's potential jurisdiction over pending agency matter where enjoined conduct would render agency enforcement "futile" and where agency determination is directly appealable to Court of Appeals). Additionally, in light of the recent decision by an administrative law judge finding that Starbucks violated § 8 of the National Labor Relations Act, it would be more appropriate for Petitioners to seek reconsideration of the district court's discovery order, which may be subject to material alteration as a result of the administrative factual findings and legal conclusions.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court